UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
MARCIA EDWARDS

                Plaintiff,

    -against-

ANTHONY A. PETROCCHI
D/B/A ANTHONY A. PETROCCHI, P.C.

                Defendant.
----------------------------------------------------------

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 23 2011 ★
LONG ISLAND OFFICE

**CV 11 4640**

COGAN

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Anthony A. Petrocchi d/b/a Anthony A. Petrocchi, P.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt, purportedly owed to Real Time Resolutions, Inc.

4. Defendant's principal place of business is located in Dallas, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

-1-

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about October 1, 2010 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part: "Failure to respond within thirty (30) days may result in RTR filing legal action against you, obtaining a judgment and pursuing collection remedies, including wage garnishment and/or foreclosure against the collateral, where such remedies are permissible by law."

12. Said language threatens actions in which the defendant does not intend to engage.

13. Said letter fails to refer the plaintiff to the backside of the letter for the 1692g rights.

14. If the consumer would happen to read the rights on the backside of the letter, the letter directs correspondence to the creditor and not to the defendant which contradicts the 1692g rights and obligation of the consumer to dispute the debt with the debt collector.

15. Said language is a threat of legal action when set forth under an attorney's letterhead.

16. The defendant sent the above referenced letter to the plaintiff which was mass produced and computer generated allegedly from defendant.

17. That a mass-produced computer generated letter bearing a typewritten signature was

forwarded to the plaintiff.

18. Upon information and belief, that said letter was a mass-produced, computer generated letter, and was designed to give the impression that said letter was forwarded by an attorney when said letter was not personally reviewed by an attorney.

19. That upon information and belief neither defendant nor any attorney admitted to practice law reviewed the plaintiff's alleged delinquent account prior to the date of the letter at issue.

20. Upon information and belief no attorney associated with the defendant reviewed the plaintiff's account prior to the sending of the initial letter to the plaintiff.

21. Anthony A. Petrocchi has personally approved the text of the letters and/or allowed his letterhead to be used knowing that the files have not been reviewed by an attorney.

22. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, 1692e(3), 1692e(5), 1692e(10) and 1692g.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

23. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-22 as if set forth fully in this Cause of Action.

24. This cause of action is brought on behalf of plaintiffs and the members of a class.

25. The Class consists of consumers who received the same form letter, as did the plaintiff.

26. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiffs on or about October 1, 2010 sent within one

year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Real Time Solutions; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10) and 1692g.

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA using collection letters and language therein which violate the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

28.     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

29.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.     Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

32.     Defendant violated the FDCPA as set forth above.

33.     As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a)     Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined

at the time of trial.

    (b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (c)    For such other and further relief as may be just and proper.

    Dated: Cedarhurst, New York
            September 20, 2011

                  _____
                  Adam J. Fishbein, P.C. (AF-9508)
                  Attorney At Law
                  **Attorney for the Plaintiff**
                  483 Chestnut Street
                  Cedarhurst, New York 11516
                  Telephone (516) 791-4400
                  Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

                  _____
                  Adam J. Fishbein (AF-9508)

LAW OFFICES OF
# ANTHONY A. PETROCCHI, P.C.
A TEXAS PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS
LICENSED TO PRACTICE LAW IN TEXAS
1601 Elm Street, Suite 1900
Dallas, Texas 75201

(214) 969-7272 - OFFICE
(214) 880-7402 - FACSIMILE

October 01, 2010

MARCIA EDWARDS
277 GATES AVE APT 4A
BROOKLYN NY 11216-1384

Property Address: 71 PATCHEN AVE
BROOKLYN NY 11221
Loan Number: ▓▓▓▓▓▓▓

Dear Mr./Mrs. MARCIA EDWARDS:

This firm's client, Real Time Resolutions, Inc. ("RTR") has referred the referenced account in your name to us because RTR's attempts to contact you and/or to secure payments on the referenced debt have proven unsuccessful to this point. Failure to respond within thirty (30) days may result in RTR filing legal action against you, obtaining a judgment and pursuing collection remedies, including wage garnishment and/or foreclosure against the collateral, where such remedies are permissible by law.

Real Time Resolutions, Inc., reports that you currently owe $126,289.73, plus interest thereon at the Note rate of 12.00%, plus late fees.

Please help preclude the need for our firm's involvement in this matter by picking up the phone today to call RTR at their toll free number (**877-599-7334**) to discuss your situation and to resolve this most serious outstanding obligation.

Very truly yours,

*[signature]*

Anthony A. Petrocchi

IMPORTANT NOTICE REQUIRED BY LAW:
Real Time Resolutions, Inc. is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Loan Number
0022797203

The following notices are required by the Fair Debt Collection Practices Act, and are primarily applicable to customers who are not in or have not been discharged in a bankruptcy:

Unless you notify this office or RTR within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| Correspondence | Payments |
|---|---|
| REAL TIME RESOLUTIONS, INC | REAL TIME RESOLUTIONS, INC |
| P.O. BOX 36655 | Attn: Payment Processing |
| Dallas, Texas 75235-1655 | P.O. BOX 35888 |
| 877-599-7334 | Dallas, Texas 75235 |